**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KAREN ELIAS CLAVET, Plaintiff, | CA 04 374 T |
| v. | C.A. No. 04- |
| LINCOLN SCHOOL COMMITTEE; and in their official and individual capacities, SCOTT BARR, Chairperson, ERIN CASEY, and GERARD ST. GERMAINE; in their official capacities SUSAN McCLAIN and JEFFREY WEISS; and in his official capacity, STEVE WOERNER, FINANCE DIRECTOR, TOWN OF LINCOLN, Defendants. | |

**COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**
**AND FOR DAMAGES**

**Jurisdiction and Venue**

1. This is a complaint for Declaratory Judgment pursuant to Fed. R. Civ. P. 57. Plaintiff seeks a preliminary and permanent injunction, pursuant to Fed. R. Civ. P. 65. Plaintiff also seeks to recover damages suffered as a result of the violations of law set forth herein.

2. Plaintiff seeks to redress the deprivation of civil rights secured her under the Constitution of the United States, in particular but not limited to, the First and Fourteenth Amendments thereof, and the Constitution of the State of Rhode Island, in particular but not limited to, Article I §21.

3. The jurisdiction of this Court is founded upon 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights).

SCANNED



1

4. Supplemental jurisdiction over Plaintiff's supplemental state law claim is invoked pursuant to 28 U.S.C. §1367 as the claim arises out of the same transaction and occurrence as Plaintiff's federal claim.

5. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district, and Plaintiff resides in this district.

6. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

**Parties**

7. Plaintiff Karen Elias Clavet ("Plaintiff") is a resident of the Town of Lincoln, State of Rhode Island.

8. The Defendant Lincoln School Committee is the public body vested with the entire care, control and management of all public school interests in the Town of Lincoln, Rhode Island, pursuant to R.I.G.L. §16-2-9.

9. Defendant Scott Barr is the Chairperson and a member of the Lincoln School Committee, and is sued in his official and individual capacity.

10. Defendants Erin Casey and Gerard St. Germain are members of the Lincoln School Committee, and are sued in their official and individual capacity.

11. Defendants Susan McClain and Jeffrey Weiss are members of the Lincoln School Committee, and are sued in their official capacity as such.

12. Defendant Steve Woerner is the Finance Director of the Town of Lincoln, and is sued in his official capacity as such.

13. At all times herein, the individual Defendants and the Defendant Lincoln School Committee have been acting under color of law.

## Preliminary Statement

14. Plaintiff seeks an order directing Defendants to appoint her to a teaching position in the Lincoln school system and enjoining Defendants from retaliation against Plaintiff for her political activities in violation of the First and Fourteenth Amendments to the United States Constitution and Article 1 §21 of the Rhode Island Constitution. In the alternative, Plaintiff seeks an order enjoining Defendants from conducting a new search and/or enjoining Defendants from hiring an individual to fill the teaching position(s). Plaintiff also seeks a declaration that the failure of the Defendants to act on her recommended appointment violates Plaintiff's rights to freedom of expression and to petition the government for a redress of grievances, as guaranteed by the First and Fourteenth Amendments to the United States Constitution and by Article 1 §21 of the Rhode Island Constitution. Plaintiff further seeks damages to redress the foregoing violations of her constitutional rights.

15. As a result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer immediate and irreparable harm, for which there is no adequate remedy at law. Plaintiff has a likelihood of success on the merits in this matter, and the Defendants do not have any justifiable countervailing interests for failing to appoint Plaintiff to a teaching position within the Lincoln public school system

## Facts

16. The Defendant Lincoln School Committee ("the School Committee") conducts regular meetings open to the public.

17. Plaintiff is a resident of Lincoln and a parent of children in the Lincoln public school system. She attends school committee meetings to keep apprised of, and to voice her opinion on, school affairs.

18. Plaintiff has been an active volunteer in the school system and has been an advocate for education for over ten years, including but not limited to, her role as a member of the grassroots organization Operation Classrooms and co-chair of the Middle School Improvement Team.

19. Plaintiff has spoken out at town and school committee meetings, regarding practices that she felt were not in the best interest of the students.

20. Operation Classrooms was an organization formed in 2001 to generate support in the community for the construction of a middle school in the Town of Lincoln. In that capacity, Plaintiff spoke at school committee meetings, urging the School Committee to endorse the construction of a new middle school. She repeatedly questioned the members of the School Committee in open session as to why it would not support the idea and received no response. Plaintiff was active in lobbying for this group before the School Committee until a bond was passed last year in which voters approved the construction of a middle school.

21. For the school year 2002-2003, Plaintiff served as the co-chair of the Middle School Improvement Team, wherein she was active in evaluating the state of the Lincoln Middle School. In this capacity, she assisted in putting together a strategic plan for student achievement at the middle school, which described the need for a new middle school.

22. Additionally, Plaintiff spoke out about the state of arts education in the Lincoln public school system.

23. Plaintiff is currently an art teacher in the Coventry public school system. She has been a teacher in the public school system for over six years.

24. In or about June, 2004, two art education positions in the Lincoln public school system were advertised. Plaintiff applied for both.

25. One position was for a part-time teaching position at Lincoln High School, and the other position was for a full-time teaching position at the Lincoln Middle School.

26. On July 1, 2004, Plaintiff interviewed with the screening committee for the part-time teaching position at the high school.

27. The screening committee for the part-time high school position was made up of David Enos (Chair of the Fine Arts Department), Rosemary Burns (teacher at the high school), Miranda Russell (teacher at the high school), Ray LeMay (interim principal at the high school), and Betsy Ritz (a parent).

28. Pursuant to policy, the screening committee recommended two candidates, including Plaintiff, for an interview with the interim superintendent, Arthur Campbell. However, the screening committee notified Mr. Campbell that Plaintiff was their only choice, and that another candidate had been put forward as a formality.

29. On July 13, 2004, Plaintiff interviewed with interim superintendent, Arthur Campbell. Plaintiff and Mr. Campbell discussed the schedule for the part-time position. Plaintiff stated to Mr. Campbell that regardless of the schedule, she would accept the position.

30. At this meeting, Plaintiff also inquired as to her application for the full-time middle school position. Arthur Campbell assured Plaintiff that her application would be forwarded to the middle school for consideration for the full-time position there.

31. Later that afternoon, on July 13, 2004, Plaintiff received a phone call from Arthur Campbell's secretary offering her the position of part-time art teacher at the high school. Some time later, Mr. Campbell's secretary called back again to inform Plaintiff of the schedule for the part-time position.

32. Arthur Campbell's recommendation of Plaintiff for the position for the part-time art teacher at the high school was forwarded to the School Committee and placed on their agenda for the meeting on July 14, 2004.

33. At the School Committee meeting on July 14, 2004, Arthur Campbell withdrew the recommendation, citing the uncertainty of the part-time schedule, although Plaintiff had been told on July 13, 2004 that the schedule had been determined. Plaintiff was never notified of this action.

34. On July 15, 2004, Plaintiff went to the school department to check on the status of her appointment, wherein she was informed of what happened. Plaintiff then inquired as to her application for the full-time middle school position. She was told by the personnel director, Jill Teixera, that her file had been forwarded to the middle school for consideration and that she was on the list of interviewees.

35. The screening committee for the full-time middle school position was made up of David Enos (Chair of the Fine Arts Department), Bruce Macksoud (principal at the middle school), Miranda Russell (a teacher at the high school), and another teacher from the middle school.

36. On July 16, 2004, Plaintiff was informed by Rosemary Burns that her application was not on file.

37. On July 21, 2004, interviews were held for the full-time middle school teaching position.

38. Pursuant to school department policy, as a town resident, Plaintiff was entitled to an interview. Plaintiff was not granted an interview.

39. On August 3, 2004, the School Committee met, but the part-time high school appointment was not on the agenda although the scheduling issues, if any, had clearly been resolved since the last meeting of July 14, 2004.

40. On August 6, 2004, after making several inquiries, Plaintiff was finally granted an interview with the middle school search committee for the full-time art position.

41. On August 9, 2004, Plaintiff received a phone call to schedule a second interview with Arthur Campbell.

42. On August 12, 2004, Plaintiff interviewed with Arthur Campbell. That afternoon, Mr. Campbell's secretary called to inform Plaintiff that he was putting her name forward for the full-time middle school art position.

43. On August 14, 2004, the School Committee met in open session. An audiotape was made of this meeting. Present at this meeting were School Committee members, Scott Barr, Erin Casey, Susan McClain, and Gerard St. Germaine.

44. At this meeting, each appointment recommended by Arthur Campbell was taken up individually and approved. When Mr. Campbell put forth Plaintiff's name for appointment, the School Committee sat quietly and had no response. There was no motion to approve. No action was taken whatsoever.

45. As a personal friend of Plaintiff, School Committee member Susan McClain had recused herself from the decision. However, following the committee's failure to act on Plaintiff's appointment, Ms. McClain took a point of privilege to express her dismay at the events and stated that this was being done as a result of Plaintiff's past political

activity involving the School Committee. There was no response from the School Committee members.

46. Following the meeting, Plaintiff and her husband met with Arthur Campbell. Mr. Campbell stated that he had spoken to members of the School Committee prior to the meeting and knew that they would not appoint Plaintiff. He would not reveal anything further about those conversations.

47. On Sunday, August 22, 2004, both art teaching positions were re-advertised in the Providence Journal. Plaintiff has again applied for both positions.

48. On August 25, 2004, the School Committee met in open session. An audiotape was made of this meeting. During the portion of the meeting called, "Right To Be Heard," members of the screening committee(s) that had recommended Plaintiff for the teaching positions addressed the School Committee. They raised concerns regarding the fact that no action has been taken on their recommendation (and Arthur Campbell's recommendation) of Plaintiff to the teaching positions in the public school system.

49. During this portion of the meeting, one screening committee member pointedly asked why the School Committee had taken no action. The School Committee sat silent and did not respond. When she inquired as to whether she was going to get an answer to her question, School Committee member Gerard St. Germaine stated that the policy provided that she had the right to be heard, but they were not permitted to respond.

50. At this point, School Committee member Susan McClain stated that Mr. St. Germaine's characterization of the policy was incorrect, and she was willing to respond. She stated that she believed the School Committee failure to act on Plaintiff's recommended appointment was in retaliation for Plaintiff's political activism. She also stated that the

concerns over Plaintiff's political beliefs had been raised to her personally by other members of the School Committee.

51. Notably, following this exchange, other members of the audience rose to speak to different issues (not related to Plaintiff), after which members of the School Committee responded to their comments, despite their earlier protestations that they could not engage in such conduct.

52. At this meeting, when the School Committee reached the issue of appointments, Arthur Campbell's recommendations were taken up together instead of individually, as at the last meeting. The recommendations were quickly accepted and approved.

53. Upon information and belief, the School Committee takes up recommendations from the superintendent and approves them as a matter of course; and the action taken with Plaintiff's recommended appointment has never occurred before.

54. By the foregoing acts and omissions, the Lincoln School Committee failed to appoint Plaintiff to a position in the Lincoln school system in retaliation for her political activism in violation of the First and Fourteenth Amendments to the United States Constitution and in violation of Art. I §21 of the Rhode Island Constitution, protecting Plaintiff's rights to freedom of expression and freedom of association.

## FIRST CAUSE OF ACTION

**(Violation of Right to Freedom of Expression and Right to Freedom of Association, pursuant to the First and Fourteenth Amendments to the United States Constitution.)**

55. Plaintiff hereby incorporates Paragraphs 1 through 54 as though fully set forth herein.

56. The activity challenged herein undermines Plaintiff's right to freedom of expression and right to freedom of association in that:

A. The Lincoln School Committee's actions punish political speech which is at the heart of the First Amendment to the United States Constitution, inasmuch as Plaintiff's political activism has led to the School Committee's refusal appoint her to a teaching position in the Lincoln public school system;

B. Their actions condition the rights of members of the public who apply for jobs with the Lincoln public school system on the forfeiture of their constitutional rights to freedom of expression and freedom of association by having to support the current politics of the Lincoln School Committee;

C. To the extent the Lincoln School Committee may deny employment without regard to established policy and practice and based solely on a candidate's past political involvement, the practice provides the Defendants with unbridled discretion to carry out unlawful employment hiring practices that are in violation of Plaintiff's constitutional rights;

57. As a result of the Defendants' actions, Plaintiff has suffered a denial of her federal constitutional rights to freedom of expression and freedom of association.

58. By the foregoing acts and omission, Defendants have violated the First and Fourteenth Amendments to the United States Constitution by violating Plaintiff's right to freedom of expression and right to freedom of association.

WHEREFORE, Plaintiff prays that this Court grant relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violation of Right to Freedom of Expression and Right to Freedom of Association, pursuant to Art. I §21 of the Rhode Island Constitution.)**

59. Plaintiff hereby incorporates Paragraphs 1 through 58 as though fully set forth herein.

60. As a result of the Defendants' actions, Plaintiff has suffered a denial of her state constitutional rights to freedom of expression and freedom of association.

61. By the foregoing acts and omissions, Defendants have violated Art. I §21 of the Rhode Island Constitution by violating Plaintiff's right to freedom of expression and right to freedom of association.

WHEREFORE, Plaintiff prays that this Court grant relief as hereinafter set forth.

## PRAYER FOR RELIEF

Plaintiff prays that this honorable Court grant the following relief:

(a) Declare unconstitutional and in derogation of the First and Fourteenth Amendments to the United States Constitution and Art. I. §21 of the Rhode Island Constitution, including the guarantees of freedom of speech and freedom of association, the actions of the Lincoln School Committee and its members in failing to appoint Plaintiff to a teaching position within the Lincoln public school system on the basis of her past political involvement;

(b) Issue a Temporary Restraining Order, directing the Defendants to accept the recommendation of the interim superintendent and the screening committee that Plaintiff be appointed to a teaching position in the Lincoln public school system; in the alternative, Plaintiffs seeks an Order enjoining Defendants from conducting

a new search and/or enjoining Defendants from hiring an individual to fill either teaching position;

(c) Grant Plaintiff preliminary and permanent injunctive relief, directing the Defendants to appoint Plaintiff to a teaching position in the Lincoln public school system;

(d) Award Plaintiff compensatory and punitive damages for the violation of her constitutional rights;

(e) Award attorney's fees and costs pursuant to 42 U.S.C. §1988; and

(f) Grant such further relief as it may be deemed just and proper.

**Jury Demand**

Plaintiff hereby demands a jury trial on all issues triable by right to a jury.

Respectfully submitted,
On behalf of the Plaintiff
By her attorney,

Jennifer Azevedo, Esq. (#6462)
Cooperating Attorney
Rhode Island Affiliate,
American Civil Liberties Union
GURSKY LAW ASSOCIATES
18 Imperial Place, Suite 1D
Providence, RI 02903
Tel. (401) 454-7400
Fax (401) 621-8553

August 27, 2004

**CERTIFICATION**

I certify that a copy of this Complaint was sent via fascsimile to Benjamin M. Scungio, Esq., counsel for the Lincoln School Committee, at BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, at (401) 453-2345 on August 27, 2004, and that I notified counsel of the filing of this Complaint by telephone call on August 27, 2004.

Jennifer Azevedo, Esq. (#6462)