**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KAREN ELIAS CLAVET,<br>Plaintiff,<br><br>v.<br><br>LINCOLN SCHOOL COMMITTEE; and in their official and individual capacities, SCOTT BARR, Chairperson, ERIN CASEY, and GERARD ST. GERMAINE; in their official capacities SUSAN McCLAIN and JEFFREY WEISS; and in his official capacity, STEVE WOERNER, FINANCE DIRECTOR, TOWN OF LINCOLN,<br>Defendants. | : | C.A. No. 04-374T |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Now comes Plaintiff, Karen Elias Clavet, and moves this Court for a Temporary Restraining Order, pursuant to Fed. R. Civ. P. 65, directing Defendants to appoint Plaintiff to a teaching position in the Lincoln public school system and enjoining Defendants from retaliation against Plaintiff for her political activities in violation of the First and Fourteenth Amendments to the United States Constitution and Article 1 §21 of the Rhode Island Constitution. In the alternative, Plaintiff seeks an order enjoining Defendants from conducting a new search and/or enjoining Defendants from hiring an individual to fill the teaching position(s).

In support of this Motion, Plaintiff relies on the Memorandum of Law and Affidavit filed contemporaneously herein.

SCANNED



2

Respectfully submitted,
On behalf of the Plaintiff
By her attorney,

Jennifer Azevedo, Esq. (#6462)
Cooperating Attorney
Rhode Island Affiliate,
American Civil Liberties Union
GURSKY LAW ASSOCIATES
18 Imperial Place, Suite 1D
Providence, RI 02903
Tel. (401) 454-7400
Fax (401) 621-8553

August 30, 2004

**CERTIFICATION**

I certify that a copy of this Motion was sent via fascsimile to Benjamin M. Scungio, Esq., counsel for the Lincoln School Committee, at BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, at (401) 453-2345 on August 30, 2004, and that I notified counsel of the filing of this Motion by telephone call on August 27, 2004 and August 30, 2004.

Jennifer Azevedo, Esq. (#6462)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KAREN ELIAS CLAVET,<br>Plaintiff,<br><br>v.<br><br>LINCOLN SCHOOL COMMITTEE; and in their official and individual capacities, SCOTT BARR, Chairperson, ERIN CASEY, and GERARD ST. GERMAINE; in their official capacities SUSAN McCLAIN and JEFFREY WEISS; and in his official capacity, STEVE WOERNER, FINANCE DIRECTOR, TOWN OF LINCOLN,<br>Defendants. | C.A. No. 04-374T |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Karen Elias Clavet hereby moves this Court for a Temporary Restraining Order, pursuant to Fed. R. Civ. P. 65. Plaintiff seeks to enjoin Defendants from retaliation against Plaintiff for her political activities in violation of the First and Fourteenth Amendments to the United States Constitution and Article 1 §21 of the Rhode Island Constitution and seeks an Order from this Court directing Defendants to appoint Plaintiff to a teaching position in the Lincoln public school system. In the alternative, Plaintiff seeks to enjoin Defendants from conducting a new search and/or from hiring an individual to fill the two teaching positions in the Fine Arts Department of the Lincoln public school system.

In support of this motion, Plaintiff relies on the facts alleged in her Affidavit and the Complaint, and submits the following:

1. In order to be granted preliminary injunctive relief, Plaintiff must show that (1) she will suffer irreparable harm if the injunctive is not granted; (2) that such injury is outweighed by any injury suffered by the defendants; (3) that there is a likelihood of success on the merits; and (4) that the public interest is not adversely affected by the grant of the injunction. AFL-CIO Laundry & Dry Cleaning Int'l Union v. AFL-CIO Laundry, 70 F.3d 717, 718 (1st Cir. 1995); see also Ardito v. City of Providence, 263 F. Supp. 2d 358, 365-366 (D.R.I. 2003) (Torres, C.J.).

2. A review of the facts indicates that there is a substantial likelihood that the relief sought in Plaintiff's Complaint for declaratory and injunctive relief will be granted, as the actions of the Lincoln School Committee are unquestionably the result of Plaintiff's past political activism. Indeed, when presented with the opportunity to articulate any reason for the failure to hire Plaintiff, members of the Lincoln School Committee sat silent. Additionally, one of the Defendants, Susan McClain, a member of the Lincoln School Committee, has stated in open session and on record that Plaintiff was not appointed to her position because of her past political activity. This activity violates Plaintiff's First Amendment rights of political belief and association. "[C]onditioning hiring decisions on political belief and association plainly constitutes an unconstitutional condition, unless the government has a vital interest in doing so." Rutan v. Republican Party of Illinois, 497 U.S. 62, 78 (1990) (citations omitted). The actions of the Lincoln School Committee make plain that there is a substantial likelihood of success on the merits of Plaintiff's case.

3. Plaintiff suffers and is threatened with further immediate, irreparable injury unless this Court intervenes because the Lincoln School Committee has re-advertised for both teaching positions and is presumably in the process of selecting new candidates. Plaintiff has again applied, but given the Lincoln School Committee's past practices, it is highly unlikely Plaintiff will be appointed by them even if she is successful in this duplicate hiring process. Moreover, there is no guarantee that future teaching positions will be available in the Fine Arts Department, if and when Plaintiff prevails in this suit; and even if such a position is available, the seniority rights lost by Plaintiff cannot be financially compensated. Finally, and perhaps more importantly, should Plaintiff continue to seek employment, either in the present situation or in the future, it is clear that Plaintiff must be mindful of her political beliefs if she wants to be successful. "Deprivation of constitutionally-protected rights for even minimal amounts of time constitute not only injury, but irreparable injury." Providence Firefighters Local 799 v. City of Providence, 26 F. Supp. 2d 350, 354 (D.R.I. 1998) (citation omitted) (Lagueux, J.).

4. There are no legitimate countervailing interests that might be harmed by the issuance of a restraining order. Plaintiff went through the hiring process - twice. She was interviewed by the respective screening committees for each position; she was recommended as the first choice candidate to the interim superintendent (twice); she was interviewed by the interim superintendent (twice); and she was recommended to the Lincoln School Committee for appointment to a teaching position (twice). Inconceivably, however, Plaintiff has not been hired for either position. Rather, members of the Lincoln School Committee have sat silent and let the recommendation pass without explanation, and in

contradiction to their past practice of universally approving candidates recommended in this manner. Clearly, the Lincoln public school system will benefit by hiring an extremely qualified and highly-recommended educator to teach in its Fine Arts Department for one of two positions that remain unfilled at the start of the 2004-2005 school year.

5. Finally, the public interest will be served by the grant of injunctive relief to Plaintiff. In addition to the hiring of an educator with the utmost qualifications to teach the children of Lincoln, members of the public will benefit in that an injunction will protect their own First Amendment and Article I §21 rights to freedom of expression, including the right to speak freely at Lincoln School Committee meetings on matters of public concern; the right to apply to those invested with the powers of government by way of address, petition and remonstrance; and the right to hear the views of other members of the public at Lincoln School Committee meetings without fear of retribution.

Accordingly, Plaintiff respectfully requests that this Court issue a Temporary Restraining Order enjoining Defendants from retaliation against Plaintiff for her political activities in violation of the First and Fourteenth Amendments to the United States Constitution and Article 1 §21 of the Rhode Island Constitution and directing Defendants to appoint Plaintiff to a teaching position in the Lincoln public school system. In the alternative, Plaintiff seeks an order enjoining Defendants from conducting a new search and/or enjoining Defendants from hiring an individual to fill the teaching position(s).

Respectfully submitted,
On behalf of the Plaintiff
By her attorney,

Jennifer Azevedo, Esq. (#6462)
Cooperating Attorney
Rhode Island Affiliate,
American Civil Liberties Union
GURSKY LAW ASSOCIATES
18 Imperial Place, Suite 1D
Providence, RI 02903
Tel. (401) 454-7400
Fax (401) 621-8553

August 30, 2004

**CERTIFICATION**

I certify that a copy of this Memorandum of Law was sent via fascsimile to Benjamin M. Scungio, Esq., counsel for the Lincoln School Committee, at BRENNAN, RECUPERO, CASCIONE, SCUNGIO & MCALLISTER, at (401) 453-2345 on August 30, 2004, and that I notified counsel of the filing of this Memorandum by telephone call on August 27, 2004 and August 30, 2004.

Jennifer Azevedo, Esq. (#6462)