**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

KAREN ELIAS CLAVET,
Plaintiff,

Vs. C. A. NO.: 04-374T

LINCOLN SCHOOL COMMITTEE,
And their official and individual
Capacities, SCOTT BARR, Chairperson,
ERIN CASEY, and GERARD ST.
GERMAINE, in their official capacities
SUSAN McCLAIN and JEFFREY WEISS,
and in his official capacity, STEVE
WOERNER, FINANCE DIRECTOR,
TOWN OF LINCOLN,
Defendants.

**DEFENDANT, SUSAN McCLAIN'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

Now comes the defendant, Susan McClain pursuant to Rule 12(b)(6) and hereby moves for dismissal of Susan McClain in her official capacity as a Lincoln School Committee Member. As grounds therefore, plaintiff relies on the accompanying Memorandum of Law attached hereto and filed herewith.

Defendant,
Susan McClain,
By her Attorneys,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

SCANNED

10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

KAREN ELIAS CLAVET,
Plaintiff,

Vs. C. A. NO.: 04-374T

LINCOLN SCHOOL COMMITTEE,
And their official and individual
Capacities, SCOTT BARR, Chairperson,
ERIN CASEY, and GERARD ST.
GERMAINE, in their official capacities
SUSAN McCLAIN and JEFFREY WEISS,
and in his official capacity, STEVE
WOERNER, FINANCE DIRECTOR,
TOWN OF LINCOLN,
Defendants.

**MEMORANDUM OF LAW**

**I. Factual Background.**

The within matter stems from a complaint for Declaratory Injunctive Relief and for damages filed by the plaintiff, Karen Elias Clavet. Ms. Clavet has sued the Lincoln School Committee inter alia for an alleged deprivation of civil rights stemming from application for employment with the Lincoln School Department.

Specifically, plaintiff contends that the defendants violated plaintiff's constitutional rights of freedom of expression and to petition the government for redress of grievances in failing to appoint her to a teaching position.

**II. Standard of Review.**

Rule 12(b)(6) of the Federal Court Rules of Civil Procedure permits dismissal of a complaint for "failure of the pleadings to state a claim upon which relief can be granted." For the purposes of Rule 12(b)(6), "it is enough for a plaintiff to sketch a scenario which, if subsequently fleshed out by means of appropriate facts, could support an actionable

claim." *Garrett v. Tandi Corp.*, 295 F.3d 94, 105 (1st Circuit 2002). A dismissal under Rule 12(b)(6) should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 476 U.S. 69, 73 (1984).

In the foregoing matter, it is plain that plaintiff's action against the Lincoln School Committee and Ms. McClain in her official capacity as a member of the Lincoln School Committee, must be dismissed.

**III. Argument.**

The relevant allegations as to Ms. McClain are contained in paragraph 11 of plaintiff's complaint. Specifically, paragraph 11 states:

> 11. Defendant Susan McClain and Jeffrey Weiss re members of the Lincoln School Committee, and are sued in their official capacity as such.

Plaintiff's Complaint page 2, paragraph 11, attached hereto.

Nowhere in the caption or body of plaintiff's complaint is it alleged that Ms. McClain is sued in anything other than her official capacity.

It is axiomatic that a suit against a governmental official in his or her official capacity is not a suit against the official but rather a suit against the official's office. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Therefore, an official's capacity suit is no different from a suit against a governmental entity. *Id.* See also *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1977)(suit against municipal agency).

Here, the official capacity suit against Ms. McClain is no different than, and duplicative of, the suit against the Lincoln School Committee. Therefore, the propriety of

the official capacity suit against Ms. McClain is wholly dependent upon plaintiff's right to recover against the Lincoln School Committee. On this issue, the law is clear. In Rhode Island, it is settled that any suit against a municipal department, like the school committee, is a suit against the municipality itself and therefore must name the municipality as a defendant. *Peters v. Jim Walter Door Sales*, 525 A.2d 46, 47 (RI 1987), citing *Cumming v. Godin*, 119 RI 325 (1977). "Because the school committee is a department of the [municipality], the [municipality] itself and not the department is the proper party defendant." *Peters* at 47 (upholding school committee's motion for directive verdict). As the school committee is not the appropriate party in the case at bar, defendant McClain, in her official capacity as a member of that body, is not a proper party.

WHEREFORE, defendant, Susan McClain respectfully requests that this Court grant her judgment for dismissal pursuant to Rule 12(b)(6) of the Federal Court Rules of Civil Procedures.

Defendant,
Susan McClain,
By her Attorneys,

Melody A. Alger, Esquire #4585
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434

**CERTIFICATION**

The undersigned hereby certifies that a copy of the within was mailed, postage prepaid, to:

Jennifer Azevedo, Esquire
Cooperating Attorney
Rhode Island Affiliate,
American Civil Liberties Union
GURSKY LAW ASSOCIATES
18 Imperial Place, Suite 1D
Providence, RI 02903

Benjamin M. Scungio, Esquire
BRENNAN, RECUPERO, CASCIONE, SCUNGIO
& MCALLISTER
362 Broadway
Providence, RI 02903

Marc DeSisto, Esquire
DESISTO LAW
211 Angell Street
PO Box 2563
Providence, RI 02903

on this 4 day of **October**, 2004.

[signature]

**525 A.2d 46; Peters v. Jim Walter Door Sales;**



ALBERT PETERS, SR., ET AL. V. JIM **WALTER** DOOR SALES OF TAMPA, INC., ET AL.

No. 84-598-Appeal.

Supreme Court of Rhode Island.

May 7, 1987.

Parents of student brought action against **school committee** and manufacturer of garage door opener for injuries to student killed by falling garage door. The Superior Court. Providence County, Lagueux, J., granted directed verdicts in favor of **committee** and manufacturer. Parents appealed. The Supreme Court, Shea, J., held that: (1) city, rather than **school committee**, was proper party; (2) trial court's pretrial ruling that lawsuit against **school committee** was not same as suit against municipality was not law of the case bar to trial court's later ruling that **school committee** could not be held liable at all; and (3) parents of student killed by falling garage door were required to prove that garage opener did not contain safety feature or working safety feature or that defect existed in opener at time it left manufacturer's control.

Affirmed, and papers remanded.

Edward Moses, Asquith, Merolla, Anderson, Ryan & Wiley, Providence, for plaintiffs.

Raymond LaFazia, East Providence **School** Dept., John F. Cuzzone, Jr., Jim **Walter** Door Sales & Stanley Works, Providence, for defendants.

OPINION

SHEA, Justice.

This case presents cross-appeals by the plaintiffs from a grant of directed verdicts by the Superior Court in favor of the defendants East Providence **School Committee** (the **school committee**) and the Stanley Works (Stanley) and by the defendant **school committee** from the grant of the plaintiffs' motion to amend their complaint.



The trial justice directed a verdict for the **school committee**, holding that it was not the proper defendant and that the plaintiffs instead should have named the city of East Providence in its suit. He found that the plaintiffs presented no evidence of a defect in Stanley's product and consequently granted its motion for a directed verdict. We affirm.

The plaintiffs' decedent, Albert Peters, Jr., then a student at East Providence Vocational **School**, sustained serious injuries when he was struck on the head by a descending garage door while attending an automotive-repair class. He later died as a result of his injuries. Albert and Dolores Peters originally filed their complaint in Providence County Superior Court as the heirs of Albert Peters, Jr., against a

number of defendants. This appeal concerns the only two remaining defendants, the **school committee** and Stanley. The plaintiffs later moved to amend their complaint by adding as an additional plaintiff Albert Peters, Sr., as administrator of the estate of Albert Peters, Jr. This motion was granted on November 21, 1983.

In their complaint, plaintiffs alleged that the **school committee** negligently failed to supervise the automotive class and failed to maintain and repair the garage door, thereby causing injury to their son. The plaintiffs' suit against Stanley rested on theories of negligence, strict products liability and breach of the implied warranty of merchantability in connection with Stanley's manufacture of the garage-door opener (hereafter the operator).

In his grant of the **school** committee's motion for directed verdict, the trial justice, referring to *Cummings v. Godin*, 119 R.I. 325, 377 A.2d 1071 (1977), held that any suit against a municipal department, like the **school committee**, is a suit against the municipality itself and therefore must name the municipality as a defendant. Accordingly, he found that the **school committee** was not the proper party and that instead the city of East Providence should have properly been named defendant in this suit. Furthermore, he held that because plaintiffs alleged no personal liability against the individual members of the **school committee**, recovery against them was not possible since public officers cannot be held liable for the negligent acts of their subordinates. *See Gray v. Wood*, 75 R.I. 123, 130, 64 A.2d 191, 194 (1949). We agree.

**[1]** In the case of *Dawson v. Clark*, 93 R.I. 457, 176 A.2d 732 (1962), upon which plaintiffs heavily rely, this court recognized that local **school** committees perform certain duties delegated to them by the General Assembly. *See also City of Pawtucket v. Pawtucket Teachers' Alliance*, 87 R.I. 364, 371, 141 A.2d 624, 628 (1958). The court acknowledged the autonomy in spending that may be exercised by a **school committee** once an appropriation is made to it by the municipality. *Mellor v. Clancy*, 520 A.2d 1278, 1279 (R.I. 1987). More importantly, however, this court also concluded that "**school** committees are agencies of the state, but are not 'state agencies,'" because their duties are limited to matters of local rather than statewide concern. *Cummings v. Godin*, 119 R.I. at 330, 377 A.2d at 1073; *see also Coventry **School Committee** v. Richtarik*, 122 R.I. 707, 714, 411 A.2d 912, 915 (1980) (**school** committees are "municipal bodies" and their employees are "municipal employees"). Our holding in *Cummings* is applicable to this case. Because the **school committee** is a department of the city of East Providence, the city itself and not the department is the proper party defendant.

The plaintiffs appeal the trial justice's grant of the **school** committee's motion for directed verdict, claiming that the trial justice failed to follow the law-of-the-case doctrine in rendering his decision. Prior to trial, the **school committee** filed a motion to dismiss on the grounds that plaintiffs failed to give notice of their claim to the city council in accordance with G.L. 1956 (1980 Reenactment) § 45-15-5. The justice who heard the motion held at that time that "the mechanics of notice as it relates to claims against the city or town, is not apropos." He ruled that a suit against a **school committee** is not the same as a suit against the municipality; therefore, lack of

**Page 48**

notice was not fatal to plaintiffs' suit and the **school** committee's motion to dismiss was denied. The plaintiffs now argue that this pretrial ruling established the law of the case and bound the trial justice to accept the ruling that the **school committee** was the proper defendant in this action.

In *Payne v. Superior Court*, 78 R.I. 177, 80 A.2d 159 (1951), this court adopted the law-of-the-case doctrine. In that case we concluded that "[w]here a pure question of law is involved, ordinarily the

second justice should not, if the same question is presented to him in the same manner, review the action of the first justice. * * * It is the first justice's *action* that is the law of the case and that should not be disturbed; not his *conception of the law* that induced him to act." (Emphasis in original.) *Id.* at 184, 80 A.2d at 163. Furthermore, we held in the same opinion that the law-of-the-case doctrine is a flexible rule and does not enjoy the finality of res judicata. *Id.* Rather, it is more in the nature of a rule of policy and convenience. *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 356 (R.I. 1983). The rule is designed to be one of procedure: it is meant to prevent needless repetition of work already completed in an earlier consideration of the same issue. Because of its flexibility, "the rule may be waived by reason of the importance of the issue involved to the ultimate disposition of the case." *Payne*, 78 R.I. at 185, 80 A.2d at 163.

**[2]** The issue presented to the trial justice was certainly important to the ultimate disposition of this case. Whereas the justice who denied the **school** committee's motion to dismiss was asked to decide whether the notice provisions for claims against a city or town are applicable to a suit against a **school committee**, the justice who sat at trial was asked to decide whether a **school committee** can be held liable at all in this case. He should not be bound by an earlier decision concerning a related but not identical issue when the result may be the imposition of liability against a party that cannot be separately sued. To do so would defeat the purpose of the rule and ignore the need for its flexibility.

We next turn to a review of the trial justice's grant of defendant Stanley's motion for directed verdict. The trial justice found that plaintiffs had failed to present any evidence concerning the condition of the garage door operator at the time it left defendant Stanley's control. Specifically, plaintiffs failed to prove the presence of a defect.

The plaintiffs argue that the trial justice prevented them from introducing evidence that would prove defendant Stanley failed to perform its continuing duty to warn consumers of known or potential dangers in their product. The plaintiffs argue that the fact that certain documents were produced by defendant Stanley as part of its answers to interrogatories provides adequate authentication of those documents.

The court below properly excluded the evidence offered by plaintiffs on the grounds that the documents had not been properly authenticated and were irrelevant. The admission of evidence objected to as being irrelevant or immaterial is within the sound discretion of the trial justice. Absent an abuse of discretion, such evidentiary rulings will not constitute a basis for reversal. *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985); *Abbey Medical/Abbey Rents, Inc. v. Mignacca*, 471 A.2d 189, 194 (R.I. 1984). The documents offered by plaintiffs were dated 1977, although the door operator was installed in 1970. The plaintiffs did not argue to the trial justice that the state of defendant Stanley's knowledge in 1977 was relevant to its continuing duty to warn and instead raise the point for the first time on appeal. We will not address an issue on appeal that has not been presented to the trial justice. *Dubreuil v. Allstate Insurance Co.*, 511 A.2d 300, 301 (R.I. 1986); *Mesolella v. City of Providence*, 508 A.2d 661, 672 (R.I. 1986); ***School Committee** of North Providence v. North Providence Federation of Teachers*, 122 R.I. 105, 108, 404 A.2d 493, 495 (1979).

**[3]** The only argument made by plaintiff below was that the documents had been properly authenticated by virtue of the fact that they had been supplied by

**Page 49**

defendant Stanley as part of its answers to interrogatories. Rule 33(b) of the Superior Court Rules of Civil Procedure provides that answers to interrogatories may be used to the same extent as provided in

Rule 26(d) for the use of the deposition of a party. The admissibility of deposition testimony, and consequently the admissibility of answers to interrogatories, is limited by Rule 26(e), which provides that such evidence may be excluded for "any reason which would require the exclusion of the evidence if the witness were then present and testifying." Hence, a necessary prerequisite for the admissibility of answers to interrogatories is that the answer must be admissible under the rules of evidence. *Thomas v. Amway Corp.*, 488 A.2d at 720. Discoverable material is any material that provides or may lead to further information that may lead the attorney to the discovery of admissible evidence. Super. R. Civ. P. 26(b)(1). Admissible evidence encompasses a more restricted group of material that must meet the threshold requirements of relevancy and materiality. Thus plaintiffs' argument that authentication of a document is provided simply because the document is furnished as part of an answer to an interrogatory fails to overcome the problems of relevancy and materiality.

When reviewing a motion for directed verdict, we are bound by the same rules that govern the trial justice. The evidence is examined in the light most favorable to the nonmoving party without a consideration of its weight or the credibility of the witnesses. If, after drawing only those reasonable inferences that support the non-moving party's position, such examination reveals issues upon which reasonable minds could differ, the motion for directed verdict should be denied and the jury will be left to determine the issues of the case. *Souza v. Narragansett Council, Boy Scouts of America*, 488 A.2d 713, 714--15 (R.I. 1985).

**[4]** In order to recover against a defendant in a products-liability action, the plaintiff must first prove the existence of a defect in the design or manufacture of the product that makes it unsafe for its intended use. *Ritter v. Narragansett Electric Co.*, 109 R.I. 176, 190, 283 A.2d 255, 262 (1971). Reasonable inferences relating to the defect may be drawn from the evidence in situations in which direct proof is not available. The inferences may not rely, however, on mere conjecture or speculation to establish the existence of the defect. *Thomas v. Amway Corp.*, 488 A.2d at 722.

**[5]** Neither of plaintiffs' experts examined the operator itself. Their testimony was based on speculation that the operator did not contain a safety feature or that if it had, it was not in working order. No evidence was presented that would establish the existence of a defect at the time it left defendant Stanley's control. Without proof of this most basic element of products liability, we must agree with the trial justice that plaintiffs have failed to present any evidence upon which reasonable minds could differ. Consequently, we affirm the grant of the motion for directed verdict.

Since this decision effectively ends the litigation, we need not address the defendant **school** committee's challenge to the plaintiffs' amendment of the complaint.

For the above-stated reasons, the plaintiffs' appeal is denied, the judgment below is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, J., did not participate.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

CASEMAKER WEB LIBRARY Lawriter
back to docs list | browse mode | search mode | casemaker home | library contents | print doc | help | previous doc | next doc

casecheck

525 A.2d 46
Peters v. Jim Walter Door Sales

520 A.2d 1278
Mellor v. Clancy

93 R.I. 457
Dawson v. Clark

88 R.I. 280
Giroux v. Murphy

87 R.I. 364
City of Pawtucket v. Pawtucket T

**75 R.I. 123; Gray v. Wood; A.2d**

**Page 123**

PAULINE M. GRAY vs. HOWARD D. WOOD. SAME vs. JAMES L. HANLEY et al. SAME vs. JAMES L. HANLEY.

[Cite as Gray v. Wood, 75 R.I. 123]

February 25, 1949.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

1. SCHOOLS AND SCHOOL DISTRICTS. Negligence. Liability of Superior Officer for Acts of Subordinates.

**Page 124**

School teacher fell on floor left in wet condition by school janitor.

Held, that authority of principal of school over persons employed therein did not create relation of master and servant between them so as to render principal liable for misfeasance of school employee.

2. SCHOOLS AND SCHOOL DISTRICTS. Who are Public Officers in General.

Those charged with supervision, direction, and control of public education are public officers or officials exercising a governmental function.

3. OFFICERS. Liability for Acts of Subordinates. Misfeasance and Nonfeasance in General.

A public officer may be held liable if he actively participated in an act of negligence or approved it and such act resulted in injury to plaintiff, but not for misfeasance by subordinate in which officer did not participate or approve or for officer's own nonfeasance.

TRESPASS ON THE CASE for negligence to recover for personal injuries brought against the principal of Hope High School and superintendent of public schools of Providence, individually and jointly. From ruling sustaining a demurrer, plaintiff brings exceptions. Exceptions overruled and case remanded for further proceeding.

CONDON, J. These actions of trespass on the case for negligence against the principal of the Hope High School and the superintendent of public schools of the city of Providence, individually, and also against them jointly, are here on plaintiff's exception in each case to the ruling of the superior court sustaining a demurrer to the declaration.

We shall hereinafter discuss the question of law posed by the demurrer as though only plaintiff's action against Wood, the principal of the high school, was here but our conclusions will apply equally to the case against the superintendent of schools and also to the case against both of them jointly. The allegations of duty owed to the plaintiff by the defendant and the breach thereof are substantially the same in each declaration and are set forth in four counts. There is a slight variation in the averment of

negligence in each count but those variances are of no consequence in considering the objections raised by the demurrer. For our



purpose, therefore, in determining the issue presented by plaintiff's exception in each case the four counts will be deemed substantially the same and so will each declaration.

The superior court sustained the demurrer on the grounds that the counts in the declaration are too vague, indefinite and uncertain to constitute a cause of action; that they do not set forth any legal duty owed by defendant to the plaintiff, or the violation of any legal duty by the defendant; and that they set forth no neglect or wrong done by defendant. The gist of the declaration is that plaintiff, a teacher in the Hope High School, received an injury by reason of falling on the hard, smooth surface of a floor in the corridor of the school which had been washed and left wet and slippery and in a dangerous condition to walk upon; and that not knowing such condition and not being warned thereof by defendant, his servants or agents, plaintiff walked from a classroom into the corridor and, through no fault of her own, slipped and fell upon the wet floor. The declaration alleges that it was the defendant's duty as principal in immediate charge of said school and in authority over the janitors thereof to see that such floor was not left in a wet and dangerous condition, and that he, his servants and agents, knew or, in the exercise of due care, ought to have known of such dangerous condition and to have warned persons lawfully walking in the corridor, or otherwise should have protected them from being thereby injured.

There is no averment in the declaration that the defendant personally caused the alleged dangerous condition of the floor or that he was present and commanded or participated with some other person under his charge and supervision in washing the floor negligently and thereafter leaving it in such a condition that it was rendered dangerous to walk upon. The most that may reasonably be inferred from the allegations in any of the four counts, consistently with the rules of pleading requiring clearness and certainty, is that a subordinate employee of the school department



negligently washed the floor and left it in a dangerous condition and that such employee was subject to the control and authority of the defendant. It cannot be inferred from any of the allegations that defendant was charged with an act of personal misfeasance or that he commanded to be done or ratified an act of misfeasance of a subordinate. The farthest we may go in interpreting the declaration in the plaintiff's favor is that defendant is therein charged by inference with an act of nonfeasance in not seeing to it that the floor of the corridor was left in a safe condition to walk upon after it had been washed.

Even when thus viewed most favorably to the plaintiff the declaration, in our opinion, fails to aver a legal duty owing by the defendant to the plaintiff and to set out a legal cause of action against the defendant. It is apparent from the declaration that there is no relation here of master and servant or of principal and agent between defendant and the person who allegedly washed the floor and negligently rendered it unsafe and dangerous. Such a relation being absent the plaintiff may not rely upon the doctrine of *respondeat superior* and claim that the act of the servant is the act of the master.

[1] The authority of the defendant, as principal of the school, over the persons employed therein did not cause the relation of master and servant to arise between them and the defendant. The relation of master and servant does not exist between public officers and their subordinates, and hence it is uniformly held "that public officers are not liable for the negligence of their subordinates unless they

cooperate in the act complained of, or direct or encourage it * * *." *Dowler* v. *Johnson*, 225 N. Y. 39. In New York in an earlier case than the one cited certain school trustees were exonerated from liability for the negligence of workmen whom they had hired to make repairs in a school yard. *Donovan* v. *McAlpin*, 85 N. Y. 185.

[2,3] There can be no question that those charged with the supervision, direction and control of public education in

**Page 127**

Rhode Island are public officers or officials exercising a governmental function. *Wixon* v. *City of Newport*, 13 R.I. 454. In the case at bar plaintiff charges defendant with negligence in the manner in which he has discharged the governmental function entrusted to him of managing and controlling the school and its employees. But, as was said in *Dowler* v. *Johnson, supra*, he can be so charged and held liable therefor only if he actively participated in the alleged act of negligence or approved it, and such act resulted in an injury to the plaintiff specially and peculiarly as a private individual and not merely as one of the general public. If those elements are present the fact that the defendant was otherwise engaged at the time in the performance of a public duty does not excuse him from liability to the injured person. In such a case the wrongful act charged against the defendant must not be one of misfeasance by a subordinate or defendant's own non-feasance but it must be an act of personal misfeasance by him. *Moynihan* v. *Todd*, 188 Mass. 301.

These principles governing the liability of public officers for personal torts committed in performance of their governmental duties are exemplified in the facts of the above-cited cases and in several other cases which we shall briefly summarize. In *Dowler* v. *Johnson, supra*, the fire commissioner of the city of New York was charged with liability for an accident that involved the automobile in which he was riding on the business of the fire department and which was being operated by an employee of such department. The court held that enough was alleged in that case to base an inference that plaintiff would show by proper evidence that the alleged negligent operation of the automobile by the employee was by the command or cooperation of the defendant. But the court observed that the fire commissioner's mere presence in the car would be insufficient of itself and in all circumstances to charge him with negligence. And it further observed: "If he had been

**Page 128**

out of the car at the time of the accident, no one would suggest that he must answer for the driver's wrong."

A similar situation was presented in *Rowley* v. *City of Cedar Rapids*, 203 Iowa 1245, cited by plaintiff here, which, however, in our opinion, does not support her position in the instant case. There the city commissioner was being driven in a municipal automobile on city business by an employee of the city who was charged with several acts of negligence which plaintiff alleged were also the acts of the commissioner. The court in holding the complaint good pointed out the distinction between the case before it and one where public officers were absolved from personal liability for permitting a defect to exist in a highway which was under their care and supervision. Such negligence, the court pointed out, was mere nonfeasance, whereas in the case before them it might be shown from the evidence that the negligent act of the employee was also the act of the commissioner either by adoption or ratification, he being present sitting beside the employee. Clearly in that case the Iowa court approved the complaint against the commissioner because it was possible under the allegations of the complaint to show that he himself was in effect also guilty of the same act of misfeasance as the employee.

This same court later held in *Smith* v. *Iowa City*, 213 Iowa 391, that a board of park commissioners were personally not liable for their failure to maintain a certain device or instrumentality in the park in a safe condition for the use of the public because they were "guilty, if at all, of non-feasance only." To the same effect are their decisions in two earlier cases exonerating boards of supervisors from liability for injuries caused by a defect in highways under their control. *Snethen* v. *Harrison County*, 172 Iowa 81; *Gibson* v. *Sioux County*, 183 Iowa 1006.

In Oregon it was sought to hold the directors of a school district personally liable for the explosion of a tank which they had caused to be erected in a school yard and on which workmen had failed to install a safety device. But the

**Page 129**

court held that as public officers they were immune from liability for the misfeasances or nonfeasances of persons properly employed by them in the discharge of their official duties. *Antin* v. *Union High School Dist. No. 2*, 130 Ore. 461.

All the cases that we have examined are unanimous in so holding. No case has been cited to us and we have found none which holds that allegations similar to those in the case at bar sufficiently state a cause of action against a public officer. Indeed, it appears to be the general rule that such an officer is exempt from liability for the wrongful acts of his subordinates unless it is alleged and shown that such officer participated therein. As was said by the United States supreme court in *Robertson* v. *Sichel*, 127 U. S. 507, concerning the head of a department or other public functionary: "A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties." And to like effect is *Reiter* v. *Illinois National Casualty Co.*, 397 Ill. 141.

Plaintiff in the case at bar has cited three of our cases to support her contention that public officers are liable for unlawful acts committed in the performance of their official duties. *Smith* v. *Macomber*, 28 R.I. 248; *Lee* v. *Jones*, 44 R.I. 151; *Kominsky* v. *Durand*, 64 R.I. 387. But none of those cases is like her case. Each of them involved an alleged wrongful act personally committed by a law enforcement officer in the exercise of his authority either to arrest or imprison. Of course for such alleged personal wrongful acts, as we said above, the officer may be sued and recovery had therefor if the allegations are proved. However, plaintiff seems to assume that in *Kominsky* v. *Durand, supra*, a superior police officer was held liable for the wrongful act of one of his subordinates, namely, the false arrest of the plaintiff by a policeman. This is not correct. There the plaintiff was unlawfully detained in

**Page 130**

the police station by the defendant who was the superior officer in charge, and plaintiff brought suit against him for false imprisonment. The act there charged against defendant was a direct personal wrong, committed by him against the plaintiff.

The case at bar is undoubtedly one of novel impression in this state and we have given it more consideration than would ordinarily be necessary. We have discussed the principles involved at some length in order to make clear, first, that we recognize the right to sue a public officer for a personal act of misfeasance committed peculiarly against another even though it occurred in the discharge of his public functions; and, secondly, to make equally clear that we do not recognize the existence of any right to sue such officer for his acts of nonfeasance or for his subordinates' acts of misfeasance in which

he did not participate. Since, in our opinion, the plaintiff has not framed her allegations against the defendant so as to bring her case within the scope of the law as we have declared it, the trial justice did not err in sustaining defendant's demurrer to her declaration in each case.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

Charles H. Eden, for plaintiff.

William E. McCabe, City Solicitor, James J. Corrigan, Assistant City Solicitor, for defendants.

---

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.