UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

KAREN ELIAS CLAVET

V. C.A. No. 04-374T

LINCOLN SCHOOL COMMITTEE, et als

**DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME A MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS BARR, CASEY AND ST. GERMAINE IN THEIR INDIVIDUAL CAPACITIES**

Now come the Defendants, Scott Barr, Erin Casey, and Gerard St. Germaine, in their respective individual capacities and by and through their attorneys, and hereby move the Court for Leave to File Out of Time a Motion to Dismiss Plaintiff's claims against them as Defendants in their respective individual capacities, pursuant to Fed. R. Civ. P. 12(b)(6). A Memorandum of Law in support of the instant Motion is filed simultaneously herewith.

Defendants Barr, Casey, and St. Germaine
by their Attorneys,

Marc DeSisto (KN)

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street,
P.O. Box 2563
Providence, Ri 02906-2563
272-4442; fax 272-9937

and

K. J. McAllister

Kevin J. McAllister, Esq. (#2641)
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
453-2300; fax 453-2345

Dated: July 7, 2005

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

KAREN ELIAS CLAVET

V. C.A. No. 04-374T

LINCOLN SCHOOL COMMITTEE, et als

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME A MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS BARR, CASEY AND ST. GERMAINE IN THEIR INDIVIDUAL CAPACITIES**

Now come the Defendants, Scott Barr, Erin Casey, and Gerard St. Germaine, in their respective individual capacities and by and through their attorneys, and hereby support their Motion to for Leave to Fle Out of Time a Motion to Dismiss them as Defendants in their respective individual capacities pursuant to Fed. R. Civ. P. 12(b)(6), as follows.

**Introduction**

This is an action arising out of Plaintiff's "Complaint for Declaratory and Injunctive Relief and for Damages". The Lincoln School Committee, and its members, as well as the Town of Lincoln's Finance Director, were joined as Defendants in their official capacities. In addition, current or former Lincoln School Committee members Scott Barr, Erin Casey, and Gerard St. Germaine, were sued in their individual capacities. Plaintiff's Complaint, in essence, seeks an Order directing that she be appointed to a teaching position in the Lincoln school system and a declaration from the Court that the failure of the Defendants to act on her appointment to a teaching position constituted a violation of her Federal and State constitutional rights. (See Plaintiff's Pre-Trial Memorandum dated June 15, 2005, pp. 8 & 9.)

Plaintiff has now declared, in her June 15, 2005 Pre-Trial Memorandum, at page 9, that **"Plaintiff does not seek monetary damages in this matter...",** and has limited her claims to

injunctive relief and for declaratory judgment. This recent concession by Plaintiff, in writing for the first time, has provided the moving Defendants with the opportunity to have Plaintiff's claims against them dismissed in their individual capacities.

**Argument**

Under the Court's Pre-Trial Order, the time for Defendants' to file a Motion to Dismiss has passed. Nevertheless, given the fact that Plaintiff did not abandon her claim for monetary damages in writing prior to the filing of her June 15, 2005 Pre-Trial Memorandum, the moving Defendants did not have the opportunity to more timely file their Motion to Dismiss the claims against them in their individual capacities. The written withdrawal of any claim for monetary damages, in effect, constitutes an eleventh hour amendment of Plaintiff's Complaint. The equities of this situation alone would seem to warrant the Court's leave to the moving Defendants to file their Motion out of time.

Perhaps more importantly, a Motion to Dismiss of this nature should be filed before the trial begins. This is because the Motion to Dismiss, if considered by the Court, will establish that the moving Defendants, who were sued in their individual capacity, now have an entitlement not to stand trial or face the other burdens of litigation because of the newly- announced withdrawal of a claim for monetary damages against them in the case. This entitlement is akin to an immunity from suit in their individual capacity and might be effectively lost if the case is permitted to go to trial against them in their individual capacities. See, e.g., Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

**Conclusion**

Accordingly, and particularly when considered in light of Plaintiff's late written notice that she is dropping her claim for monetary relief – the only possible relief to be afforded against

current and former Lincoln School Committee members *in their individual capacities,* – it is respectfully requested that the Court enter an Order giving leave to the Defendants Scott Barr, Erin Casey, and Gerard St. Germaine to file out of time a Motion to Dismiss them from the case in their respective individual capacities prior to trial, and to afford them such other and further relief as the Court deems appropriate.

Defendants Barr, Casey, and St. Germaine
by their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street,
P.O. Box 2563
Providence, RI 02906-2563
272-4442; fax 272-9937

and

Kevin J. McAllister, Esq. (#2641)
Brennan, Recupero, Cascione,
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909
453-2300; fax 453-2345

Dated: July 7, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true copy of the within Motion for Leave to File Out of Time A Motion to Dismiss Claims Against Defendants Barr, Casey and St. Germaine in Their Individual Capacities, plus the Memorandum in Support thereof, by first class mail, postage prepaid, on July 7, 2005, to the following counsel of record:

Jennifer Azevedo, Esq.
J. William W. Harsch & Associates
170 Westminster Street, Suite 800
Providence, RI 02903

Marc DeSisto, Esq.
211 Angell Street
Providence, RI 02906

[signature]