**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KAREN ELIAS CLAVET,<br>Plaintiff, | : | |
| v. | : | C.A. No. 04-374T |
| LINCOLN SCHOOL COMMITTEE, et al.,<br>Defendants. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME A MOTION TO DISMISS**

Now comes the Plaintiff, through counsel, and hereby Objects to the Defendants' Motion for Leave to File Out of Time a Motion to Dismiss Plaintiff's claims against Defendants Scott Barr, Erin Casey and Gerard St. Germaine in their individual capacities. In support of this Objection, Plaintiff relies on the Memorandum of Law filed contemporaneously herein.

Respectfully submitted,
KAREN ELIAS CLAVET,
By her attorney,

Jennifer Azevedo, Esq. (#6462)
Cooperating Attorney
Rhode Island Affiliate,
American Civil Liberties Union
J. William W. Harsch & Associates
170 Westminster Street, Suite 800
Providence, RI 02903
Tel. (401) 454-4466
Fax (401) 351-3914
Email: azevedolaw@yahoo.com

Dated: July 21, 2005

**CERTIFICATION**

I hereby certify that on this 21st day of July, 2005, I mailed a copy of the foregoing Plaintiff's Objection first-class, postage prepaid to the following parties of record:

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KAREN ELIAS CLAVET,<br>Plaintiff, | : | |
| v. | : | C.A. No. 04-374T |
| LINCOLN SCHOOL COMMITTEE, et al., | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO FILE OUT OF TIME A MOTION TO DISMISS**

## Introduction

Now comes the Plaintiff, through counsel, and hereby Objects to the Defendants' Motion for Leave to File Out of Time a Motion to Dismiss Plaintiff's claims against Defendants Scott Barr, Erin Casey and Gerard St. Germaine in their individual capacities, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## Facts

On August 27, 2004, Plaintiff filed a Complaint seeking a Declaratory Judgment pursuant to Fed. R. Civ. P. 57, as well as a preliminary and permanent injunction, pursuant to Fed. R. Civ. P. 65. In her Prayer for Relief, Plaintiff respectfully requested that this Court declare unconstitutional and in derogation of the First and Fourteenth Amendments to the United States Constitution and Art. I. §21 of the Rhode Island Constitution, including the guarantees of

[1] Defendant's Motion was certified on July 7, 2005 and mailed to Plaintiff's counsel. Pursuant to the Local Rules of this Court, Plaintiff has eleven (11) days to respond to a non-dispositive motion. Another three (3) days are added for service by mail. Fed. R. Civ. P. 6(e).

freedom of speech and freedom of association, the actions of the Lincoln School Committee and its members in failing to appoint Plaintiff to a teaching position within the Lincoln public school system on the basis of her past political involvement; that this Court grant Plaintiff a Temporary Restraining Order, directing the Defendants to appoint Plaintiff to a teaching position in the Lincoln public school system, or in the alternative, enjoin Defendants from conducting a new search and/or enjoining Defendants from hiring an individual to fill either teaching position; that this Court grant Plaintiff preliminary and permanent injunctive relief, directing Defendants to appoint Plaintiff to a teaching position in the Lincoln public school system; and that this Court award Plaintiff her attorney's fees and costs, pursuant to 42 U.S.C. Sec. 1988. In her Complaint, Plaintiff also sought compensatory and punitive damages for the violation(s) of her constitutional rights.

On August 31, 2004, Plaintiff's Motion for Temporary Restraining Order was heard in chambers before Chief Judge Ernest C. Torres. Chief Judge Torres denied Plaintiff's Motion for Temporary Restraining Order. At that time, Plaintiff's counsel informed the Court and counsel present that Plaintiff wished to proceed on her Motion for Preliminary Injunction and conduct expedited discovery. The parties commenced discovery; and on December 7, 2004, the parties met for a pretrial conference. A short discovery schedule was entered thereafter, which was extended due to extenuating circumstances affecting Plaintiff's counsel. On June 15, 2005, the parties submitted Pretrial Memoranda to the Court. In her Pretrial Memorandum, Plaintiff made reference to the standards for the grant of injunctive relief. To date, neither party has made a motion to consolidate a hearing on the injunction with a trial on the merits, nor has the Court entered such an Order.

## Argument

At this time, the Court is hearing Plaintiff's Motion for Injunctive Relief. This matter is not being tried on the merits. As such, Plaintiff did not make reference to damages in her Pretrial Memorandum, and instead referenced the precise relief sought through the injunction hearing. Should Plaintiff be unsuccessful at the injunction stage, she will proceed to trying the case on the merits, which includes proceeding on her claim for damages, which she has never waived.

Throughout this action, Plaintiff has always asserted that her primary goal was appointment to a teaching position in the Lincoln School Department. However, should this Court decline to order such relief, Plaintiff is not precluded from proceeding on the remaining parts of her claim.[2] In any case, Defendants had the opportunity to conduct discovery in this matter prior to this date. In fact, Defendants' counsel deposed Plaintiff and served Requests for Production and Interrogatories on Plaintiff. At no time did the individual Defendants inquire as to Plaintiff's damages or other relief sought by Plaintiff from the Defendants, in their individual capacities. Instead, counsel has relied on Plaintiff's Pretrial Memorandum, prepared in anticipation of the hearing on injunctive relief. As such, Defendants should not be permitted to file a Motion to Dismiss at this late date.

## Conclusion

In light of the foregoing, Plaintiff respectfully requests that Defendants' Motion for Leave to File Out of Time a Motion to Dismiss should be denied.

[2] If, in fact, this matter is being heard as a trial on the merits, which Plaintiff's counsel denies it is, the Plaintiff will seek to amend her Pretrial Memorandum to include a specific description of the damages suffered by Plaintiff as a result of the Defendants' actions; and the Defendants cannot show that they would suffer any prejudice in permitting Plaintiff to do so.

Respectfully submitted,
KAREN ELIAS CLAVET,
By her attorney,

Jennifer Azevedo, Esq. (#6462)
Cooperating Attorney
Rhode Island Affiliate,
American Civil Liberties Union
J. William W. Harsch & Associates
170 Westminster Street, Suite 800
Providence, RI 02903
Tel. (401) 454-4466
Fax (401) 351-3914
Email: azevedolaw@yahoo.com

Dated: July 21, 2005

**CERTIFICATION**

I hereby certify that on this 21st day of July, 2005, I mailed a copy of the foregoing Plaintiff's Memorandum of Law in Support of Objection first-class, postage prepaid to the following parties of record:

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906

Kevin J. McAllister, Esq.
Brennan, Recupero, Cascione, Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909